UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY,

                     Plaintiff,

        v.

IMMIGRATION AND CUSTOMS ENFORCEMENT,

                     Defendant.

**COMPLAINT**

Plaintiff THE NEW YORK TIMES COMPANY ("The Times"), by and through its undersigned attorneys, alleges as follows:

1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA"), to obtain an order for the production of agency records from United States Immigration and Customs Enforcement ("ICE") in response to a FOIA request made by The Times. This request seeks records about an ICE component's decision, in the early months of the second Trump administration, to refocus its enforcement efforts on immigration offenses rather than child exploitation and other forms of transnational criminal activity.

**PARTIES**

2.      Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY, 10018.

3.      ICE is an agency of the federal government that has possession and control of the records that The Times seeks.

**JURISDICTION AND VENUE**

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5.    Venue is premised on Plaintiff The New York Times Company's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**LEGAL FRAMEWORK**

6.    FOIA generally requires that agencies make a determination as to FOIA requests within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

7.    If any agency denies a FOIA request, the requester has the right to administratively appeal that adverse outcome. *See* 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). The statute then requires the agency to make a determination on the administrative appeal of a FOIA denial within 20 business days. *See id.* § 552(a)(6)(A)(ii).

8.    If an agency then denies that administrative appeal, the requester has exhausted his administrative remedies and is entitled to bring an action in federal court. 5 U.S.C. § 552(a)(4)(B); *see also id.* § 552(a)(6)(A)(ii) ("If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.").

**FACTUAL BACKGROUND**

*HSI's Shifting Priorities*

9.    Homeland Security Investigations ("HSI") is a component within ICE. It "is responsible for investigating, disrupting, and dismantling transnational criminal organizations . . . and terrorist networks[.]" *Who We Are*, Imm. & Cust. Enf't, https://www.ice.gov/about-ice. To do so, it "investigate[s] a wide array" of serious criminal offenses, like "terrorism; national security threats; narcotics smuggling; transnational gang activity; child exploitation; human smuggling and

trafficking; illegal exports of controlled technology and weapons; money laundering; financial fraud and scams; worksite and employment crimes; cybercrime; intellectual property theft and trade fraud; identity and benefit fraud; human rights violations and war crimes." *Id.*

10.     In the early months of 2025, however, its priorities shifted. HSI agents were "abruptly issued new orders," with "thousands of agents . . . redirected to immigration duties for stints ranging from days to months." Nicholas Nehamas, Michael H. Keller, Alexandra Berzon, Hamed Aleaziz & Zolan Kanno-Youngs, *Homeland Security Missions Falter Amid Focus on Deportations*, N.Y. Times (Nov. 16, 2025), https://www.nytimes.com/2025/11/16/us/politics/dhs-agents-reassigned.html. The shift toward immigration enforcement came at the expense of investigations into the "transnational criminal organizations and other high-level lawbreakers" that the agency typically pursued. *Id.*

11.     One area particularly affected by this shift was HSI's investigations into child exploitation crimes. "[T]eams that investigate sex crimes against children in cities including Newark and Los Angeles have had significant numbers of special agents dragooned into immigration work." *Id.* Investigations slowed or stalled as a result. A data analysis by The Times found that, from February through April 2025, HSI agents "worked the fewest hours on child exploitation that they have during that period in more than a decade." *Id.*

### *The Times's FOIA Request*

12.     On September 9, 2025, reporter Michael Keller, on behalf of The Times, submitted a FOIA request to ICE.

13.     That request sought:

[D]ocuments that were sent by or at the direction of [HSI] Special Agents in Charge (SACs) or Deputy Special Agents in Charge (DSACs) in offices located in Chicago, Dallas, Houston, Los Angeles and Phoenix that concern any of the following:
1. Records concerning or describing agency, departmental or office priorities.

3

2. Records concerning or describing procedures for closing child exploitation investigations.

3. Records concerning or describing departmental rotations of agents to other assignments or details.

14.     The request specified that it "covers records sent by the SACs / DSACs to their subordinate employees, including Assistant Special Agents in Charge (ASACs), Group Supervisors, and/or special agents." And it explained that "records" included "emails, email attachments, memoranda, directives, guidance documents, briefing materials, training materials, or documents establishing, modifying, or updating operating protocols."

15.     In addition, the request provided a date range for responsive records (from January 1, 2025 through the date of search) and a series of illustrative keywords to facilitate the agency's search, including "child sexual abuse," "CSAM," "CE," "child exploitation," "closure," "case prioritization," "priority," "protocol," "directive," "rotation," "TDY," "Temporary-duty assignment," "ERO," "Title 8," and "Title VIII."

16.     ICE acknowledged receipt of the request on September 16, 2025, and assigned it tracking number 2025-ICFO-59413.

17.     ICE denied the request in full on January 13, 2026. (The agency erroneously backdated its response letter to December 14, 2025, but it did not convey that letter to The Times until January 13, 2026.) In its denial, ICE provided no information about whether it had conducted a search or whether it had located any responsive records. Instead, it claimed that "[d]ue to the open status of ongoing law enforcement investigations . . . the information you are requesting is withholdable in its entirety pursuant to [FOIA Exemption 7(A)]."

18.     The Times appealed this determination on February 11, 2026. In that appeal, The Times explained that Exemption 7(A) could not justify blanket withholding of the responsive records, for two reasons. First, because "the request seeks records about general office priorities

4

and assignments, not specific enforcement proceedings," it was implausible "that all (or even most) materials responsive to this request concern specific investigations into particular individuals." And second, because the request focuses on senior agents' directives "to 'clos[e]' investigations, reorient office priorities, or rotate agents away from investigative assignments," many responsive records likely concerned terminated investigations, which fall outside Exemption 7(A)'s scope. Rather than withholding everything, The Times argued, ICE was required to engage in a finer-grained analysis, redacting only the material that it could "show, based on 'specific information about the impact of the disclosures' . . . would interfere with a particular enforcement proceeding."

19.    ICE denied The Times's appeal on March 13, 2026. Its letter affirmed the decision below, asserting that the agency "verified that there is still an ongoing, active investigation related to the records that you are seeking" and that, as a result, "the withholding of records in this case pursuant to FOIA Exemption (b)(7)(A) is proper in all respects."

20.    The Times has not received any further response to this request.

## CAUSE OF ACTION—5 U.S.C. § 552

21.    The Times repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

22.    ICE is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts for responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

23.    ICE denied The Times's request in full and, after The Times administratively appealed that determination, affirmed the denial of the request. Accordingly, The Times is deemed to have exhausted its administrative remedies under FOIA. 5 U.S.C. § 552(a)(4)(B).

24. ICE is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

25. No exemptions permit the blanket withholding of the records sought by this request.

26. The Times is thus entitled to an order compelling ICE to produce records responsive to this request.

## REQUEST FOR RELIEF

27. WHEREFORE, The Times respectfully requests that this Court:

i. Declare that the records sought by the request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

ii. Order ICE to undertake an adequate search for the requested records and to provide those records to The Times within 20 business days of the Court's order;

iii. Award The Times the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

iv. Grant The Times such other relief as this Court deems just and proper.

Dated: New York, New York  
      June 25, 2026

*/s/ David E. McCraw*  
David E. McCraw  
Jackson Busch  
Legal Department  
The New York Times Company  
620 Eighth Avenue  
New York, NY 10018  
Phone: (212) 556-4031  
Email: mccraw@nytimes.com  
        jackson.busch@nytimes.com

*Counsel for Plaintiff*